UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOB POPE,** : | |
| Petitioner : | |
| v. : | CIVIL ACTION NO. 3:14-0109 |
| **SUPERINTENDENT** : | **(JUDGE MANNION)** |
| **TREVOR WINGARD, et al.** : | |
| Respondents | |

## MEMORANDUM

Petitioner Bob Pope has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a conviction and sentence imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. Id. Pope raises four grounds for relief: (1) the trial court erred in revoking Pope's probation, (2) the trial court erred in increasing Pope's sentence for State count one, (3) the trial court erred in increasing the sentence for State counts seven and eight, and (4) the trial court erred in increasing the sentence for State counts two, five, six, and fifteen. Id.

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued formal notice to Pope that he could either have the petition ruled on

as filed but lose his ability to file a second or successive petition, or withdraw his petition and file one all-inclusive §2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 3). On April 10, 2014, Pope returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 4). On May 23, 2014, the Respondents filed a motion to dismiss on the grounds that Pope had not exhausted state court remedies. (Doc. 13). Because this Court concludes that Pope has presented a mixed petition, the Respondents' motion is denied.

**I.     Background**

The following account of the procedural history of this case is taken from the Pennsylvania Superior Court's May 6, 2013 decision affirming the denial of Pope's claims that his sentences were illegal or unconstitutional. (Doc. 13, Ex. 3).

> On November 3, 2003, [Pope] entered a plea of nolo contendere to two counts each of criminal solicitation to commit rape, statutory sexual assault, involuntary deviate

2

sexual intercourse, aggravated indecent assault, indecent assault, indecent exposure, and corruption of minors, as well as to one count of criminal use of a communication facility.

On March 11, 2004, he was sentenced to two to four years of imprisonment, followed by five years of probation. At the conclusion of the sentencing hearing, Pope was advised of his post-sentencing rights. Pope did not file a direct appeal.

On August 29, 2005, Pope file [sic] a petition for relief under the Post Conviction Relief Act ("PCRA"). On May 23, 2007, the amended petition was denied in part and granted it [sic] in part. The Court granted the petition as it pertained to an illegal sentence based on improper merge [sic] of some of the counts, and vacated the sentences as those [sic] counts.

On August 1, 2007, Pope was re-sentenced to the original sentence of two to four years of imprisonment, followed by five years of probation. On August 8, 2007, Pope filed a timely post-sentence motion. The order denying the motion was not entered by the prothonotary until March 7, 2008. [A] timely appeal followed.

This Court affirmed the judgment of sentence. On January 12, 2009, Pope faced a revocation hearing at which the trial court determined Pope was not in violation of his probation.

On January 19, 2011, Pope again faced revocation proceedings. After a hearing, the trial court resentenced Pope to an aggregated period of 24 to 48 months' incarceration followed by 168 months' probation. Pope did not file a motion to modify sentence. Pope filed a notice of appeal on February 8, 2011. Counsel filed a statement of intent to file an Anders brief in lieu of a concise statement of matters on February 24, 2011.

> [B]y way of memorandum opinion filed on October 6, 2011, [the Superior Court] denied counsel's petition to withdraw finding the sentence imposed by the trial court to be "facially illegal" . . . [thereafter, the Superior Court] vacated Pope's judgment of sentence and remanded for re-sentencing.
>
> Upon remand, Pope appeared before the Honorable Richard Lewis for re-sentencing [and] . . . was resentenced to concurrent terms of 24 to 48 months' imprisonment on Counts 7 and 9. Pope was not re-sentenced on Count 15.

Id. at 2-4.

On March 9, 2012, Pope filed a notice of appeal with the Court of Common Pleas, asserting eight statements of error, including all four raised in this habeas petition. (Doc. 13, Ex. 2, Att. D). On June 11, 2012, the Court of Common Pleas found that the claims of error were without merit. (Doc. 13, Ex. 2, Att. C). Thereafter, Pope filed an appeal with the Pennsylvania Superior Court, raising all four issues that have been raised in this habeas petition. (Doc. 13, Ex. 2). Pope's attorney filed a notice of intent to withdraw from the case and filed an Anders brief[1] in support,

---

[1]

If an attorney believes that an appeal is frivolous and without merit, he or she may file a motion to withdraw, so long as that request is "accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v. State of Cal., 386 U.S. 738, 744 (1967).

arguing that Pope's claims on appeal were frivolous. Id. The Superior Court agreed that the claims were frivolous, and on May 6, 2013, affirmed the sentence imposed by the Court of Common Pleas. (Doc. 13, Ex. 3). On December 30, 2013, the Pennsylvania Supreme Court denied an allowance of appeal. Com. v. Pope, 83 A.3d 415 (Pa. 2013).

## II.    Discussion

Subject to limited exceptions, a petitioner filing for a writ of habeas corpus pursuant to Section 2254 must first exhaust all claims in state court. 28 U.S.C. §2254(b)(1). "In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'" Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)). A petitioner may fairly present his or her claim "though: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that

5

is well within the mainstream of constitutional litigation." Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).

### A. Effect an Anders Brief May Have on Exhaustion

Respondents first argue that Pope has failed to exhaust his state court remedies because "the Superior Court did not address the substance of Pope's appeal" and therefore he "must first have these sentencing issues addressed through a properly filed PCRA petition with the Court of Common Pleas." (Doc. 13, p. 5-6). In response, Pope contends that the Superior Court did address the merits of his case, and therefore filing a PCRA petition would have been futile. (Doc. 15, p. 2-4).

The issue of whether a state court decision in response to an Anders brief is sufficient to exhaust state court remedies is one of first impression before this Court. Although the Third Circuit has not addressed this issue, a decision issued by the United States Court of Appeals for the Eleventh Circuit is instructive.

6

In Jenkins v. Bullard, 210 F. App'x 895 (11th Cir. 2006), the petitioner's claim was dismissed by the district court as procedurally barred for failure to adequately raise the claims in state court. Id. at 898. The petitioner had previously raised issues on appeal in state court, but his counsel filed an Anders brief arguing that the claims were meritless. Id. The state appellate court agreed with counsel's Anders brief, and affirmed the trial court's decision. Id. Thereafter, the petitioner unsuccessfully sought certiorari review with the state supreme court. Id.

> The Eleventh Circuit noted that
>
> It makes no difference that [the petitioner's] claim had been presented in his direct appeal in an Anders brief on the basis of which . . . the appeal [was dismissed] as frivolous. Presented is presented, whether in an Anders brief or in any other format; and if an appeal is dismissed as frivolous, that is binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile.

Id. (quoting White v. United States, 371 F.3d 900, 902-03 (7th Cir. 2004)). Consequently, the Court held that the petitioner had exhausted his state court remedies, notwithstanding the fact that his claims had been raised in an Anders brief rather than a standard appellate brief. Id.

7

The common sense approach adopted by the Eleventh Circuit is particularly compelling given the factual circumstances underlying Pope's petition. In accordance with the Pennsylvania Rules of Appellate Procedure, Pope filed a notice of intent to appeal and submitted to the Court of Common Pleas a concise statement of errors complained of on appeal. (Doc. 13, Ex. 2, Att. D). Pursuant to the Pennsylvania Rules of Appellate Procedure, Rule 1925(a), the Court of Common Pleas addressed Pope's statement of errors and found that they were "without merit[.]" (Doc. 13, Ex. 2, Att. C).

Pope appealed the sentence imposed, but on appeal his counsel filed an Anders brief, arguing that the appeal was meritless. (Doc. 13, Ex. 2). Contrary to Respondents' contention, the Superior Court did address the appeal on the merits, albeit without significant discussion. After reviewing the record on appeal, the Superior Court agreed with "counsel's assessment that the appeal is wholly frivolous." Id. at p. 6. The Court went on to state that:

> Furthermore, we are confident that the trial court ably and methodically reviewed all the evidence and considered all of the relevant factors in re-sentencing Pope upon remand. In its thorough and well-written opinion filed pursuant to

8

> Pa.R.A.P. 1925(a), the trial court addresses all of the issues Pope raised herein on appeal and aptly disposes of same. We can find no error in the sentence or in the court's rationale. Accordingly, we affirm based on that opinion.

Id.

The language used by the Superior Court makes clear that the court did consider the merits of Pope's appeal. That they decided the appeal in a conclusory manner is of no consequence. The Superior Court reviewed the Court of Common Pleas' decision, found it to be accurate, and affirmed based upon the reasons contained in the lower court's decision. Id. Consequently, the Superior Court's decision constitutes "binding adjudication that the claims presented in [the appeal] had no merit at all[.]" Jenkins, 210 F.App'x at 898.

This conclusion draws further support from the United States Supreme Court's decision in Ylst v. Nunnemaker, 501 U.S. 797 (1991). Addressing the issue of AEDPA deference, the Court stated that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Id. at 803. This holding plainly contemplates situations such as this, where a reasoned trial court decision

9

is summarily affirmed by the appellate court. In such a scenario, the appellate decision does constitute a decision on the merits of the claims presented.

Consequently, Pope has invoked "one complete round of the State's established appellate review process." Carpenter, 296 F.3d at 146 (quoting Boerckel, 526 U.S. at 845). Having raised all four issues on direct appeal, Pope was "not required to raise [them] again in a state post-conviction proceeding." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Therefore, this Court need only determine whether Pope fairly invoked federal Constitutional issues in presenting his claims at the state level.

### B. Invocation of Federal Constitutional Issues at the State Level

Respondents next assert that Pope did not fairly invoke federal constitutional issues at the state court level, and therefore the issues complained of have not been exhausted. (Doc. 13). Pope does not address this argument in his response. (Doc. 15).

10

A petitioner fairly invokes federal Constitutional issues if he or she asserts a "claim in terms so particular as to call to mind a specific right protected by the Constitution[.]" Nara, 488 F.3d at 197. In such circumstances, the state court is "not required to search beyond the pleadings and briefs for a federal issue[,]" and the issue is therefore properly invoked for exhaustion purposes. Id. at 199. Pope plainly raised federal claims for grounds two, three, and four of his habeas petition at the state court level. In the Anders brief filed with the Superior Court, all three claims employ the same language. (Doc. 13, Ex. 2). In quoting from the Pennsylvania Superior Court case Com. v. Vargas, 947 A.2d 777, 780 (Pa. Super. 2008), counsel stated: "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense." (Doc. 13, Ex. 2).

The language used in that brief directly addresses the protections offered by the United States Constitution, not those offered by the Pennsylvania Constitution. It is difficult to conceive of language that would more clearly "call to mind a specific right protected by the Constitution"

11

than that used in counsel's Anders brief. Nara, 488 F.3d at 197. Although Respondents correctly point out that the Anders brief did not contain any "meaningful analysis" of federal Double Jeopardy claims, the depth or substance of a petitioner's state court claim is not relevant to the issue of exhaustion. All that is required is fair notice to the state court, such that the court is "not required to search beyond the pleadings and briefs for a federal issue." Id. at 199. Pope accomplished this task, and therefore exhausted his state court remedies as to counts two, three, and four.

Pope did not, however, exhaust the first count of his habeas petition, the allegation that the trial court improperly revoked his probation based on conditions that were not supplied by the court. (Doc. 1). In his statement of errors directed to the Court of Common Pleas, Pope did not use any language that would have alerted the court to potential federal Constitutional issues. (Doc. 13, Ex. 2, Att. D). Pope only cited to two Pennsylvania state statutes in support of his claim and did not cite to any relevant federal authority. Id. It is without surprise that the trial court therefore addressed Pope's claim in the context of Pennsylvania state law. (Doc. 13, Ex. 2, Att. C, pp. 8-9).

In the Anders brief submitted to the Superior Court, counsel likewise did not submit any language that would have alerted the court to any potential federal claims. (Doc. 13, Ex. 2, pp. 20-22). Counsel cited only to Pennsylvania statutes, and conducted a legal analysis that was notably devoid of any federal law. Id. In these circumstances, it cannot be said that the state court was alerted in any way to the presence of a federal constitutional claim, and therefore Pope did not exhaust state court remedies as to count one of his habeas petition. This presents the Court with a "mixed petition" involving both exhausted and unexhausted claims, and the ultimate decision of how to proceed must be made by Pope himself.

**C.    Options Available to Pope**

When "[f]aced with a mixed petition, a district court has four options: (1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [the petitioner] to delete his [or her] unexhausted claims; and (4) deny the petition" if the unexhausted claims are determined to be meritless under. Mallory v. Bickell, 563 F.App'x 212, 215 (3d Cir. 2014) (citing Rhines v.

Weber, 544 U.S. 269, 274–78 (2005)). The Third Circuit has noted that, in such a situation, it is "good practice for a district court to advise a petitioner of his [or her] options in going forward with a mixed petition." Urcinoli v. Cathel, 546 F.3d 269, 277 n. 9 (3d Cir. 2008).

Here, the Respondents did not address the merits of Pope's claims, and only addressed the issue of exhaustion. (Doc. 13). Pope in his traverse likewise addressed only the exhaustion issue. (Doc. 15). Thus, this Court is deprived of any meaningful analysis as to the merits of Pope's claims. As a result, it cannot be stated with certainty that Pope's claim in count one is plainly meritless.

Therefore, Pope must inform this Court whether he wishes to: (1) have the Court dismiss his petition without prejudice so that he may pursue his unexhausted claim in state court, (2) delete his unexhausted claim and proceed with only counts two, three, and four, or (3) have the Court stay these proceedings and hold them in abeyance while he exhausts his state court claims. Pope must be cognizant of the fact that, if he wishes for the Court to hold this petition in abeyance, he must

demonstrate "good cause" for his failure to exhaust the claim in state court. Rhines, 544 U.S. at 277.

### **III.** **Conclusion**

A review of the record reveals that Pope has exhausted his state court remedies as to counts two, three, and four, but has failed to exhaust his remedies as to count one. Consequently, this Court may not dismiss the petition in its entirety unless Pope requests such action. Respondents' motion is therefore denied.

An appropriate Order will be entered.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: December 23, 2014
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0109-01.wpd