UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BOB POPE,                              :
                                       :
    Petitioner                    :     CIVIL ACTION NO. 3:14-0109
                                       :
    v                             :
                                       :     (JUDGE MANNION)
TREVOR WINGARD, *et al.,*              :
                                       :
    Respondents

**MEMORANDUM**

**I.**      **Background**

Petitioner, Bob Pope, a former inmate at the Laurel Highlands State Correctional Institution, Somerset, Pennsylvania[1], filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges his resentencing, after being found guilty of probation violations, by the Court of Common Pleas for Dauphin County, Pennsylvania. Id. Pope claims violations of the Double Jeopardy Clause when: (1) the trial court revoked Pope's probation, (2) the trial increased Pope's sentence for State count one, (3) the trial court increased the sentence for State counts seven and eight, and (4) the trial court increased the sentence for State counts two, five, six, and fifteen. Id.

---

[1] Subsequent to the filing of the above captioned action, Petitioner was released on probation, and now resides at 1424 N. 4th Street, Harrisburg, Pennsylvania. (See (Doc. 29).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued formal notice to Pope that he could either have the petition ruled on as filed but lose his ability to file a second or successive petition, or withdraw his petition and file one all-inclusive §2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 3). On April 10, 2014, Pope returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 4). On May 23, 2014, the Respondents filed a motion to dismiss on the grounds that Pope had not exhausted state court remedies. (Doc. 13).

By Memorandum and Order dated December 23, 2014, the Court, having concluded that Pope presented a mixed petition, directed Petitioner to notify the Court as to his intention to delete his unexhausted claims and proceed on the merits of his exhausted claims, have the Court dismiss his petition without prejudice, or request a stay and abeyance. (Doc. 18).

Petitioner having indicated to the Court that he wished to delete count one, his unexhausted claim, and proceed on the merits of counts two, three and four, his exhausted claims, the Court, by Order dated October 31, 2016, directed a response to be filed to Petitioner's exhausted claims, specifically, counts two, three and four. (Doc. 30).

On December 27, 2016, a response to Petition's exhausted claims, counts two, three and four, was filed. (Doc. 33). No traverse has been filed.

The petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

## II. **Procedural History**

The following account of the procedural history of this case is taken from the Pennsylvania Superior Court's May 6, 2013 decision affirming the denial of Pope's claims that his sentences were illegal or unconstitutional. (Doc. 13-4).

> On November 3, 2003, [Pope] entered a plea of *nolo contendere* to two counts each of criminal solicitation to commit rape, statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, indecent exposure, and corruption of minors, as well as to one count of criminal use of a communication facility.
>
> On March 11, 2004, he was sentenced to two to four years of imprisonment, followed by five years of probation. At the conclusion of the sentencing hearing, Pope was advised of his post-sentencing rights. Pope did not file a direct appeal.
>
> On August 29, 2005, Pope file [sic] a petition for relief under the Post Conviction Relief Act ("PCRA"). On May 23, 2007, the amended petition was denied in part and granted it [sic] in part. The Court granted the petition as it pertained to an illegal sentence based on improper merge [sic] of some of the counts, and vacated the sentences as those [sic] counts.
>
> On August 1, 2007, Pope was re-sentenced to the original sentence of two to four years of imprisonment, followed by five years of probation. On August 8, 2007, Pope filed a timely post-sentence motion. The order denying the motion was not entered by the prothonotary until March 7, 2008. [A] timely appeal followed.

3

This Court affirmed the judgment of sentence. On January 12, 2009, Pope faced a revocation hearing at which the trial court determined Pope was not in violation of his probation.

On January 19, 2011, Pope again faced revocation proceedings. After a hearing, the trial court resentenced Pope to an aggregated period of 24 to 48 months' incarceration followed by 168 months' probation. Pope did not file a motion to modify sentence. Pope filed a notice of appeal on February 8, 2011. Counsel filed a statement of intent to file an Anders brief in lieu of a concise statement of matters on February 24, 2011.

[B]y way of memorandum opinion filed on October 6, 2011, [the Superior Court] denied counsel's petition to withdraw finding the sentence imposed by the trial court to be "facially illegal" . . . [thereafter, the Superior Court] vacated Pope's judgment of sentence and remanded for re-sentencing.[2]

Upon remand, Pope appeared before the Honorable Richard Lewis for re-sentencing [and] . . . was resentenced to concurrent terms of 24 to 48 months' imprisonment on Counts 7 and 9. Pope was not re-sentenced on Count 15.

---

[2]The Superior Court noted in their opinion that:
> The issue raised by Appellant's brief concerns discretionary aspects of his sentence and implicates preservation and reviewability issues. However, our close review of the record leads us to conclude that the sentence imposed by the trial court is an illegal one, and we are constrained to address this issue *sua sponte*. Essentially, the trial court, when resentencing Appellant on January 19, 2011, mistakenly referred to the vacated March 11, 2004 sentencing order as containing the extant sentence instead of the August 1, 2007 sentencing order. N.T., 1/19/2011, Revocation, at 36. Consequently, the trial court sentenced Appellant to counts previously determined to have merged. *Id*. at 36-37; N.T., 8.1.07, PCRA resentencing, at 8-10, C.R. at 76.

Id. at 2-4.

On March 9, 2012, Pope filed a notice of appeal with the Court of Common Pleas, asserting eight statements of error, including all four raised in this habeas petition. (Doc. 13-3 at 73). On June 11, 2012, the Court of Common Pleas found that the claims of error were without merit. (Doc. 13-3 at 63). Thereafter, Pope filed an appeal with the Pennsylvania Superior Court, raising all four issues that have been raised in this habeas petition. (Doc. 13-3 at 1). Pope's attorney filed a notice of intent to withdraw from the case and filed an Anders brief[3] in support, arguing that Pope's claims on appeal were frivolous. Id. The Superior Court agreed that the claims were frivolous, and on May 6, 2013, affirmed the sentence imposed by the Court of Common Pleas. (Doc. 13-4). On December 30, 2013, the Pennsylvania Supreme Court denied an allowance of appeal. Com. v. Pope, 83 A.3d 415 (Pa. 2013).

On March 20, 2015, Pope appeared before Judge Lewis of the Dauphin County Court of Common Pleas, for a revocation hearing. (Doc. 33-3 at 3).

By Order dated April 10, 2015, Judge Lewis revoked Pope's probation on count 7, Aggravated Indecent Assault, and resentenced him to 11½ to 23 months incarceration, followed by 8 years probation. (Doc. 33-3 at 35).

---

[3]If an attorney believes that an appeal is frivolous and without merit, he or she may file a motion to withdraw, so long as that request is "accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v. State of Cal., 386 U.S. 738, 744 (1967).

On May 7, 2015, Pope filed a direct appeal from his April 10, 2015 revocation, and, on February 16, 2016, the Pennsylvania Superior Court affirmed his judgment of sentence. (Doc. 13-3 at 37).

## III.  Discussion

The Fifth Amendment of the United States Constitution provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. The Double Jeopardy Clause "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Baird, 63 F.3d 1213, 1215 (3d Cir. 1995). It is well-settled that the revocation of parole or probation and the corresponding imposition of confinement does not violate the Double Jeopardy Clause because "these criminal sanctions do not involve the increase of a final sentence, and ... defendant is aware at the original sentencing that a term of imprisonment later may be imposed ." Ralston v. Robinson, 454 U.S. 201, 220 n.14 (1981) (citing United States v. DiFrancesco, 449 U.S. 117, 137 (1980)).

The receipt of a probationary sentence is not a right guaranteed by the federal constitution, but is a privilege granted through legislative grace. Escoe

v. Zerbst, 295 U.S. 490 (1935); Berman v. United States, 302 U.S. 211, 213 (1937). The Pennsylvania Legislature has conferred upon the State Courts the power, in its discretion, to place on probation a person found guilty of a criminal offense, except murder in the first degree.[4] The same courts are empowered to revoke probation and impose any sentence which could have been pronounced originally whenever the probationer shall violate the terms of his probation.[5]

Pope's claims violations of the Double Jeopardy Clause in the following three instances: (1) when the trial court increased Pope's sentence for State count one, (2) when the trial court increased the sentence for State counts seven and eight, and (3) when the trial court increased the sentence for State

---

[4] Act of August 6, 1941, P.L. 861, §25, 61 P.S. §331.25. This section provides in part:
> The court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence of imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might he imposed.

Also see Act of June 19, 1911, P.L. 1055, §1, as amended, 19 P.S. §1051, and Act of May 10, 1909, P.L. 495, §1, 19 P.S. §1081.

[5] Act of June 19, 1911, P.L. 1055, §4. This statute does not require that the probation violation take place within the probationary period and the probation was revoked during such period.

7

counts two, five, six, and fifteen. Id. However, "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." U.S. v. DiFrancesco, 449 U.S. at 137 (citing Thomas v. United States, 327 F.2d 795 (10th Cir. 1964). Revocation does not implicate double jeopardy because probation or parole is merely the continuation of an already imposed sentence. Id.

In this case, the fact that Pope's probation was revoked and he was sentenced to an additional term of imprisonment does not violate the protection against double jeopardy. Double jeopardy only prevents the sentencing court from prescribing greater punishment than the legislature intended. See Garret v. United States, 471 U.S. 773, 780 (1985). Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. Commonwealth v. McAfee, 849 A.2d 270, 275 (Pa.Super. 2004). Pope does not allege, and the record does not reflect, that Pope's resentencing resulted in a term of imprisonment in excess of the statutory maximum. As such, Pope's resentencing as a result of his parole violations does not violate his protection against double jeopardy. Id. Accordingly, Petitioner's claims clearly lack merit.

## IV. Conclusion

Based on the foregoing, Pope's habeas petition, (Doc. 1), will be denied without an evidentiary hearing. See 28 U.S.C. §2254(e). There are no grounds to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c)(1). A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 12, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0109-02.wpd